# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

No. 12-10369
Summary Calendar

Lyle W. Cayce
Clerk

TERRY R. JAMES,

Plaintiff-Appellant

v.

DALLAS POLICE DEPARTMENT; DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE; DALLAS POLICE OFFICER 1 & 2,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-457

Before JOLLY, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Terry R. James moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint alleging that he was wrongfully arrested for family violence assault and that he suffered damages when officers left his alleged victim, a woman James described as his mistress, inside of his home after his arrest. The district court dismissed his complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him leave to proceed IFP on appeal. It also imposed a sanction of $100 and a bar to James filing any lawsuit in federal court until the $100 was paid.

By moving to proceed IFP, James is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

James argues that his warrantless arrest inside of his home, which was based solely on his alleged victim's statement to police that James had hit her, was made without probable cause. He contends that there was no evidence to support the victim's version of events and that police entered a calm scene after he called them to have his alleged victim escorted from his home before his wife returned.

To avoid a § 1915(e)(2)(B)(ii) dismissal for failure to state a claim, an IFP complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Probable cause is required for a warrantless arrest. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). "An officer may conduct a warrantless arrest based on probable cause that an individual has committed even a minor offense, including misdemeanors." *Id.* at 165. However, "[w]arrantless seizures of a person inside his home are presumptively unreasonable. Only exigent circumstances or consent justify such an arrest." *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001) (internal quotation marks and citation omitted). "The burden is on the government to prove the existence of the exigency."

*United States v. Rico*, 51 F.3d 495, 501 (5th Cir. 1995). "Exigent circumstances include those in which officers reasonably fear for their safety, where firearms are present, or where there is a risk of a criminal suspect's escaping or fear of destruction of evidence." *Id.* (internal quotation marks and citation omitted).

Taking all of James's allegations as true, James's claim that the police lacked probable cause to arrest him inside of his home does not lack "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*. "An opportunity should be provided the [plaintiff] to develop his case at least to the point where any merit it contains is brought to light." *Howard*, 707 F.2d at 220. Whether the facts ultimately establish a valid wrongful arrest claim is not a question to be answered at this stage of the proceedings. *See id.* Accordingly, James's motion to proceed IFP on appeal is granted. The district court's dismissal is vacated and the case is remanded for further proceedings on James's claim that he was arrested without probable cause.

IFP MOTION GRANTED: VACATED AND REMANDED